

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

December 11, 2013

James B. Kobak, Jr.
Direct Dial: 212-837-6757
kobak@hugheshubbard.com

<u>VIA ECF</u>

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Thielmann et al. v. MF Global Holdings, Ltd., et al*,
Case No. 13-cv-07218 (LGS)

Dear Judge Schofield:

  We are counsel to James W. Giddens ("Trustee"), trustee for the Securities Investor Protection Act ("SIPA") liquidation of MF Global Inc. ("MFGI"). As acknowledged in Appellants' filings with the Bankruptcy Court, neither the Trustee nor MFGI are parties to this appeal or the underlying second amended adversary complaint at issue. All claims asserted by Appellants against MFGI in a first amended adversary complaint were dismissed with prejudice in a separate opinion and order of the Bankruptcy Court issued in October 2012. Appellants never appealed that opinion and order and any such appeal is now time-barred. However, Appellants' Brief (ECF No. 10) attempts to blur these facts. We therefore write solely to clarify the record as to MFGI for the Court.

  For background, on November 11, 2011, Appellants commenced an adversary proceeding against MFGI and the Appellees in the Bankruptcy Court. On October 4, 2012, Appellants filed with the Bankruptcy Court a Notice of Voluntary Dismissal Without Prejudice of Claims as against MFGI. (Adv. Pro. No. 11-2880 (MG), ECF No. 62). Thereafter, on October 23, 2012, the Bankruptcy Court issued a Memorandum Opinion and Order holding that the "liquidating fiduciary" principle applied as a matter of law as to the claims asserted against MFGI and the Bankruptcy Court granted the Trustee's motion to dismiss Appellants' claims against MFGI contained in the amended complaint with prejudice. *Thielmann v. MF Global Holdings Ltd. (In re MF Global Holdings Ltd)*, 481 B.R. 268, 272 (Bankr. S.D.N.Y. 2012) (the "MFGI Opinion and Order").

  Appellants did not appeal the MFGI Opinion and Order and it has become final and non-appealable. Subsequently, Appellants filed a second amended complaint against Appellees MF Global Holdings, Ltd., MF Global Holdings USA Inc., and MF Global Finance USA, Inc., debtors in separate and distinct chapter 11 proceedings from the SIPA proceeding of MFGI. (Adv. Pro. No. 11-2880 (MG), ECF No. 64). MFGI was not named in Appellants'

second amended complaint.  In granting Appellees' motion to dismiss the second amended complaint, the Bankruptcy Court reiterated that "all claims against MFGI were dismissed with prejudice" by the MFGI Opinion and Order.  *Thielmann v. MF Global Holdings Ltd. (In re MF Global Holdings Ltd)*, Adv. Pro. No. 11-2880 (MG), 2013 Bankr. LEXIS 3442, at * 4-5 (Bankr. S.D.N.Y. Aug. 23, 2013) (the "Holdings Decision").  Appellants did not name MFGI as a party in their Notice of Appeal of the Holdings Decision that is currently pending before the Court. (Adv. Pro. No. 11-2880 (MG), ECF No. 77).

However, despite the finality of the MFGI Opinion and Order, Appellants' Notice of Voluntary Dismissal against MFGI and Appellants' acknowledgment that MFGI is not a party to this appeal in their Notice of Appeal, Appellants included MFGI as a "Defendant/Appellee" in the caption of Appellants' Brief to this Court.  Appellants then devoted significant portions of the Brief to arguing that the Bankruptcy Court erred in its rulings as to MFGI, although the MFGI Opinion and Order is not before the Court, any appeal of the MFGI Opinion and Order is time-barred and the Bankruptcy Court's determinations have become final and conclusive.

We have requested that Appellants amend the caption to remove all reference to MFGI and to the SIPA Proceeding and clarify in a statement to the Court that they are not appealing the MFGI Opinion and Order and that all claims in the below adversary complaint against MFGI have been dismissed with prejudice.  To date, Appellants have not responded to the Trustee's request.

Based on the foregoing, the Trustee respectfully requests that the Court take judicial notice that the MFGI Opinion and Order is a final non-appealable order not subject to this or any other appeal, that all claims in the below adversary complaint against MFGI have been dismissed with prejudice, and that the caption should be amended to remove all reference to MFGI and to the SIPA proceeding.  We are happy to make ourselves available to answer any questions the Court may have or to proceed as Your Honor may suggest to address this situation.

                Respectfully submitted,

                James B. Kobak, Jr.
                Hughes Hubbard & Reed LLP
                *Counsel for James W. Giddens, Trustee*
                *for the Liquidation of MF Global Inc.*

cc:    Jack A. Raisner, Esq. (Counsel to Appellants)
        Charles A. Ercole, Esq. (Counsel to Appellants)
        Stuart J. Miller, Esq. (Counsel to Appellants)
        Mary E. Olsen, Esq. (Counsel to Appellants)
        James D. VandeWynegearde, Esq. (Counsel to Appellees)
        Christopher H. LaRosa, Esq. (Securities Investor Protection Corporation)