USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re:                                                      :
                                                            :
MF GLOBAL HOLDINGS, LTD.; MF                                :
GLOBAL FINANCE USA, INC., et al.,                           :
                                                            :
                              Debtors.                      :
                                                            :
------------------------------------------------------------X      13 Civ. 07218 (LGS)
                                                            :
TODD THIELMAN, et al.,                                      :      OPINION AND ORDER
                                                            :
                              Plaintiffs,                   :
                                                            :
                      -against-                             :
                                                            :
MF GLOBAL HOLDINGS, LTD., et al.,                           :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiffs, alleged former employees of Defendants, appeal from a decision of Bankruptcy Judge Martin Glenn dismissing the Second Amended Complaint ("SAC" or the "Complaint") with prejudice. Plaintiffs brought claims under the federal and New York Worker Adjustment and Retraining Notification Acts (the "WARN Acts") for Defendants' failure to provide the required advance notice of their termination. The Bankruptcy Court previously dismissed Plaintiffs' claims against MF Global Inc. ("MFGI") pursuant to the liquidating fiduciary doctrine, and in the decision below dismissed their claims against Defendants – MF Global Holdings, Ltd. ("Holdings Ltd."), MF Global Finance USA, Inc. ("Finance USA") and MF Global Holdings USA, Inc. ("Holdings USA") – for Plaintiffs' failure to allege that they were employed by any Defendant other than MFGI. For the reasons discussed below, the decision below is reversed,

1

and the action is remanded to the Bankruptcy Court for further proceedings consistent with this opinion.

## BACKGROUND

### A.     Relevant Facts

The alleged facts below are gathered from the Complaint, documents referenced in the Complaint, and documents of which the Court may take judicial notice.

Defendant Holdings Ltd. is a U.S. company headquartered in New York and the ultimate parent of a group of companies that conducted a worldwide financial services business under the name MF Global.  Defendant Holdings USA is a direct subsidiary of Holdings Ltd. and the holding company for most of the U.S. subsidiaries in the group, including MFGI and Defendant Finance USA.  Defendants and a number of their U.S. affiliates are debtors in various bankruptcy proceedings pending in the Southern District of New York.  The first of these commenced on October 31, 2011, when Holdings Ltd. and Finance USA commenced bankruptcy proceedings pursuant to Chapter 11 of the U.S. Bankruptcy Code.  On the same day, an order was entered against MFGI, the U.S. broker-dealer affiliate of Defendants, under the Securities Investor Protection Act ("SIPA"), appointing a trustee for its liquidation.  On November 11, 2011, "as a result of a decision made collectively by the Defendants' leadership," more than 1,000 of Defendants' employees were terminated without any advance notice, including the five Plaintiffs in this proceeding.

The Complaint alleges that Defendants "operated their business as a single enterprise" that it refers to as the MF Global Group, and that Plaintiffs were among more than 2,870 employees who were "employed by the MF Global Group collectively."  To support the assertion that Plaintiffs were employed by the MF Global Group collectively rather than by any one Defendant, the Complaint alleges as to each Plaintiff:

2

- Todd Thielmann, a floor broker at Defendants' Chicago offices, "believed that he worked for the MF Global Defendants[] collectively and not one particular Defendant." Thielmann received his paychecks and W-2s from Holdings USA, interacted with its human resources department about the MF Global Group's long-term investment plan, and was covered by a health insurance policy administered by Holdings USA.

- Pierre-Yvan Desparois, a vice president in Defendants' New York headquarters, worked to advance the interests of each of the Defendants collectively, and it is not clear which of the Defendants employed Mr. Despar[oi]s. Desparois received his paychecks, W-2s and termination letter from Holdings USA.

- Natalia Sivova, a quality assurance analyst at Defendants' New York headquarters, had her 401(k) plan and her SOS Security Plan card – given to employees for medical or security advice – through Defendant Holdings Ltd., and received her paychecks, W-2s, health insurance and termination letter from or through Holdings USA.

- Sandy Glover-Bowles, who worked at one of Defendants' Chicago offices, received her paychecks and W-2s from Holdings USA.

- Arton Sina, an international settlements specialist in Defendants' New York headquarters, received his paychecks, W-2s and termination letter from Holdings USA, which also administered his health insurance. A number of documents list different employers for Sina: his employment contract, signed by Global Head of Human Resources Thomas F. Connolly, listed Holdings USA as the employer; his Labor Law Notice of Wage Rate, Background and Credit Check forms listed "MF Global" as the employer; and his 401(k) handbook listed "MF Global Holdings," but the rollover signup form listed MFGI, as the employer. His SOS Security card was issued by Holdings Ltd.

**B.     Procedural History**

On December 12, 2011, Plaintiffs filed the First Amended Complaint ("FAC") against the three Defendants currently named in this action plus MFGI, claiming *inter alia* that they did not give the 60- or 90-day notice required under the federal and New York WARN Acts respectively before terminating Plaintiffs.  The FAC did not allege that Plaintiffs were employed by any specific Defendant, but that each Plaintiff was "an employee of Defendants" or "was employed by Defendants."  MFGI and Defendants filed separate motions to dismiss in March 2012.

On September 12, 2012, Judge Glenn heard oral argument on those motions.  During the conference, Judge Glenn repeatedly asked the parties to identify which Defendant employed each Plaintiff, and counsel for neither party was able to do so.  Mr. Raisner, Plaintiffs' counsel, represented variously that "[w]e don't know that [MFGI] had these people as their employees"; "[w]e don't know who effectively was their employer"; and "I can't say [who these plaintiffs were employed by] as a matter of law because the company itself did not . . . make that distinction."  In response to Judge Glenn's questions about what, if anything, Plaintiffs' pay stubs, employment agreements and office locations showed, Mr. Raisner said, "[t]hey had conflicting signals . . . they were never pigeonholed."  Judge Glenn then engaged Plaintiffs' counsel in a colloquy about whether each of the five Plaintiffs was employed by MFGI, specifically asking Mr. Raisner and his partner Mr. Ercole whether any Plaintiff was licensed by the SEC or the CFTC.  Judge Glenn cautioned Plaintiffs:

> [Y]ou haven't alleged who [Plaintiffs] worked for.  [Plaintiffs] can certainly include facts about their employment, where the[y] reported on a day-to-day basis.  If it was more than one, fine.  But you can't just throw out [P]laintiffs worked for the [D]efendants.  That's not going to cut it. . . . I need more – if you get as far as an amended complaint you're going to have to provide many more specifics. . . . If I dismiss the case against [MFGI] and any of the [P]laintiffs were employees of [MFGI] – it certainly sounds that Mr. Thielmann was an employee of [MFGI] – . . . his claim is going to go along with the dismissal.

Judge Glenn concluded the conference by noting again that he "want[s] to know by whom the [five] [P]laintiffs were employed."

In a letter filed two days later, Defendants identified MFGI as the employer of all five Plaintiffs. Defendants stated that "[a]lthough [Plaintiffs'] paychecks were *issued* by [Holdings USA], [MFGI] . . . *funded* [its] own payroll[] through cash transfers made by [it] to [Holdings USA]" (emphases in original). On the same day, Plaintiffs filed a letter offering additional facts regarding Plaintiffs' employment relationships, which are now part of the SAC. In that letter, Plaintiffs continued to assert that they were employed by Defendants collectively and did not identify any specific employer for each Plaintiff.

On October 23, 2012, the Bankruptcy Court issued a memorandum opinion and order dismissing Plaintiffs' claims against MFGI with prejudice, on the grounds that (i) the SIPA trustee administering MFGI's estate is a liquidating fiduciary because its sole function under the SIPA is the liquidation of the debtor's business; and (ii) as a liquidating fiduciary, the SIPA trustee cannot be considered an "employer" subject to liability under the WARN Acts. *In re MF Global Holdings Ltd.*, 481 B.R. 268, 279-84 (Bankr. S.D.N.Y. 2012). In the same opinion, the Bankruptcy Court dismissed Plaintiffs' claims against Defendants without prejudice, holding that the FAC is deficient because it "does not indicate where each Plaintiff worked (at MFGI or at one of the [C]hapter 11 Debtors), who gave each Plaintiff a notice of termination, or when it was given." *Id.* at 283. The Bankruptcy Court stated in a footnote that

> [r]equiring the Plaintiffs to plead these facts is not intended to preclude their "single employer" theory. But if the Plaintiffs worked for MFGI (even if their payroll checks came from MF Global USA) and were terminated at the direction of the SIPA Trustee, it is not clear on what basis their claims can survive against the [C]hapter 11 Debtors. Plaintiffs cannot hide behind vague allegations to avoid confronting the issues.

*Id.* at 283 n.12.

On November 26, 2012, Plaintiffs filed the SAC, which names only Defendants Holdings Ltd., Holdings USA and Finance USA, and includes the allegations set forth above. On December 21, 2012, Defendants filed a second motion to dismiss.

**C.      Bankruptcy Court's Decision Below**

On August 23, 2013, the Bankruptcy Court granted Defendants' motion to dismiss. *In re MF Global Holdings Ltd*, No. 11 Bk. 15059, 2013 WL 4511863 (Bankr. S.D.N.Y. Aug. 23, 2013). The opinion began by recounting the relevant procedural history, including Judge Glenn's comment to Plaintiffs during the September 12 conference that they must allege who their employers were in order to avoid the dismissal of their claims against Defendants, the two September 14 letters submitted by the parties to offer that information, and the Bankruptcy Court's holding in its October 23 opinion that the FAC had failed to include allegations specifically identifying each Plaintiff's employer. *Id.* at *1-2. In particular, the Bankruptcy Court echoed Defendants' observation that "Plaintiffs' counsel . . . never refuted" Defendants' assertion in their September 14 letter, i.e., that all Plaintiffs were employed by MFGI. *Id.* at *2. In dismissing Plaintiffs' claims against Defendants with prejudice, the Bankruptcy Court first distinguished between a scenario in which "the parent or an affiliate makes the decision to shut down the business" on the one hand and the facts that, in its view, were alleged here – i.e., a court-appointed SIPA trustee administering the "statutorily required liquidation of the business of MFGI" – on the other. *Id.* at *4. The Bankruptcy Court reasoned that while the single employer doctrine may be applicable to the former scenario, it is inapplicable to the case at bar because

> [w]hen employment is terminated of the requisite number of employees of the liquidating broker-dealer [i.e., MFGI] in the SIPA proceeding that would otherwise trigger WARN liability, the Court has already held that the liquidating fiduciary doctrine is a defense to WARN liability. In such circumstances, there is no basis for extending liability to the parent or other affiliates; termination of employment results from the commencement of the SIPA proceeding by SIPC, not from any act of the parent or affiliates.

6

*Id.* (citation omitted).  On that ground, and in light of "Plaintiffs' counsel['s] fail[ure] to amend the complaint to allege that the named Plaintiffs were employed by anyone other than MFGI," the Bankruptcy Court dismissed the SAC with prejudice.  *Id.*

**STANDARD**

When reviewing a Bankruptcy Court's decision, this Court "accept[s] its factual findings unless clearly erroneous but review[s] its conclusions of law de novo."  *In re DG Acquisition Corp.*, 151 F.3d 75, 79 (2d Cir. 1998).  "[A] motion under Rule 12(b)(6) presents a pure legal question."  *Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010).  Thus, the review of the Bankruptcy Court's opinion here is *de novo*.

On a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the nonmoving party.  *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012), *cert denied*, 133 S. Ct. 846 (2013).  To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  While "'detailed factual allegations'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Anderson News*, 680 F.3d at 182 (alteration in original) (quoting *Twombly*, 550 U.S. at 555).  Moreover, "where the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a)(2).

On a motion to dismiss, the court may consider the complaint, "[d]ocuments that are attached to the complaint or incorporated in it by reference," any "document upon which the complaint solely relies and which is integral to the complaint," and "matters of which judicial notice may be taken." *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 63 n.4 (2d Cir. 2012) (citations and internal quotation marks omitted).

## DISCUSSION

Plaintiffs appeal the Bankruptcy Court's August 23 Opinion pursuant to 28 U.S.C. § 158(a)(1), arguing that the Bankruptcy Court erred by (i) concluding that the SAC fails to plead that Defendants were employers of Plaintiffs; (ii) holding that the SAC fails to plead that Defendants operated as a single business enterprise; (iii) determining that the SIPA trustee administering MFGI's estate is a liquidating fiduciary not subject to WARN liability, and that the defense extends to Defendants; (iv) relying on Defendants' September 14 letter in determining the identity of Plaintiffs' employer.  As discussed below, the Bankruptcy Court erred on the first and fourth issues.  Because the decision below did not reach the second and third issues, they will not be addressed in this opinion.

The Bankruptcy Court could not have reached its holding in its August 23 Opinion without taking into account information not properly before the court on a motion to dismiss.  As set forth above, the dismissal of the claims against Defendants was based on the finding that:

> When employment is terminated of the requisite number of *employees of the liquidating broker-dealer [i.e., MFGI]* in the SIPA proceeding that would otherwise trigger WARN liability, the Court has already held that the liquidating fiduciary doctrine is a defense to WARN liability.  In such circumstances, there is *no basis for extending liability to the parent or other affiliates*; termination of

>employment results from the commencement of the SIPA proceeding by SIPC, not from any act of the parent or affiliates.

*In re MF Global Holdings Ltd*, 2013 WL 4511863, at *4 (emphases added) (citation omitted). The language makes clear that a necessary premise of the Bankruptcy Court's logic is that Plaintiffs were solely employees of the entity in the SIPA proceeding – i.e., MFGI – and of no other entities, and therefore that the SIPA trustee was solely responsible for terminating them.

The Complaint, however, does not support the inference that MFGI was Plaintiffs' employer. The Complaint refers to MFGI only once in the five paragraphs containing the allegations regarding the identity of each Plaintiff's employer. In contrast, the same paragraphs reference one of the Defendants more than 10 times in the same context and to Defendants as a collective entity twice. Specifically, the SAC alleges that Holdings USA issued the paychecks and W-2s of all Plaintiffs and the termination letter of three Plaintiffs; administered the health benefit plans of three Plaintiffs and the long-term investment plan of one Plaintiff; and was party to one Plaintiff's employment contract. The SAC alleges that Holdings Ltd. administered the 401(k) investment plan of, and issued SOS Security Plan cards to, two Plaintiffs. Indeed, during its colloquy with Plaintiffs' counsel, the Bankruptcy Court specifically asked about pay stubs and employment agreements for the purpose of identifying Plaintiffs' employers. To the extent that the Complaint alleges that any one Defendant was *the* employer for Plaintiffs, it is Holdings USA.

Nowhere in the pleadings (or in other materials properly before the Bankruptcy Court on the motion to dismiss) do Plaintiffs allege that MFGI was their employer. The Bankruptcy Court improperly engaged in fact finding, apparently in reliance on Defendants' September 14 letter, the only source cited in the August 23 Opinion that identifies MFGI as Plaintiffs' employer. *Id.* Even if Defendants had made this assertion in a responsive pleading (as opposed to an unsworn

9

letter with no legal effect, as here), the Bankruptcy Court was required to accept all allegations in the Complaint as true and draw all reasonable inferences in favor of the nonmoving parties, Plaintiffs. The Bankruptcy Court's misapplication of the standard is apparent in its concluding paragraph, in which it grants dismissal with prejudice because "Plaintiffs' counsel failed to amend the complaint to allege that the named Plaintiffs were employed by anyone other than MFGI." *Id.* at *4. On a motion to dismiss, Plaintiffs do not carry the burden of rebutting evidence proffered by Defendants.[1]

Implicit in the Bankruptcy Court's ruling is also the proposition that, in order to plead that two or more business entities operate as a single employer, a complaint must first plead a nominal or immediate employer. This proposition is not grounded in law. Under the Department of Labor ("DOL") regulations promulgated pursuant to the WARN Act, which imposes notice requirements on employers that order plant closings or mass layoffs, an "employer" in any given case may encompass both parent and subsidiary "depending upon the degree of their independence." 20 C.F.R. 639.3(a)(2). In evaluating that independence, some factors to be considered are "(i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations." *Id.* The introduction to WARN regulations states that the five-factor standard for the single employer doctrine is intended to be consonant with the doctrine as it exists under state law and "such statutes as the [National Labor Relations Act], the Fair Labor Standards Act . . . and the Employee Retirement Income Security Act . . . ." 54 Fed. Reg. 16,045 (Apr. 20,

---

[1] Defendants contend that Plaintiffs' argument regarding the Bankruptcy Court's reliance on extra-pleadings materials is "directly contradicted" by the Bankruptcy Court's own statement on the record – at the oral argument for the second motion to dismiss – that "[t]his is . . . a motion to dismiss, so I'm looking at the four corners of the complaint." Although the Bankruptcy Court articulated the proper standard, as discussed above, its failure to adhere to that standard was apparent in the logic of its August 23 ruling.

1989). Neither the standard as set forth in DOL regulations nor any case applying the single employer doctrine, whether under WARN or another statute, requires a plaintiff to plead a nominal or immediate employer as a prerequisite to pleading that the defendants constitute a single employer.[2] Neither the Bankruptcy Court nor Plaintiffs have advanced a reasoned argument in favor of such a prerequisite, and it is not apparent that there should be one.

Assuming, as Plaintiffs contend, that Defendants' operations were so interdependent that their employees could not reasonably identify one entity as their nominal or immediate employer over another, requiring that a plaintiff nevertheless do so would effectively allow employers to render themselves immune from liability under federal employment statutes by structuring themselves in the way that Plaintiffs allege Defendants did. If a plaintiff is able to plead that he or she was employed by what is in effect a single employer consisting of multiple juridical entities, the failure to attribute that employment to one specific juridical entity should not render his or her claim legally deficient.

---

[2] One court in this district held, in the context of a motion to dismiss claims brought pursuant to the Fair Labor Standards Act and its state counterpart, that "[t]he complaints are deficient due to the failure to specify which entity, among the many named defendants, employed the respective plaintiffs." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, No. 10 Civ. 2661, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011). Upon review, the Second Circuit did not reach the issue, but noted that "[p]laintiffs' actual and direct employer is an essential element of notice pleading under these circumstances." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). These cases are distinguishable, as the plaintiffs there did not rely in their pleadings on the single employer doctrine.

**CONCLUSION**

For the reasons stated above, the decision of the Bankruptcy Court is REVERSED, and the action is REMANDED to the Bankruptcy Court for further proceedings consistent with this opinion. The Clerk is directed to close this case.

SO ORDERED.

Dated: August 14, 2014
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**